**MINNESOTA CHAMBER OF COMMERCE, Plaintiff,**

v.

**Susan GAERTNER, in her official capacity as County Attorney for Ramsey County, Minnesota, Defendant.**

**Civ. No. 10–426 (PAM/JSM).**

United States District Court, D. Minnesota.

May 7, 2010.

David M. Aafedt, Thomas H. Boyd, Winthrop & Weinstine, PA, Minneapolis, MN, for Plaintiff.

Darwin J. Lookingbill, Kevin M. Lindsey, Ramsey County Attorney's Office, St. Paul, MN, for Defendant.

## MEMORANDUM AND ORDER

PAUL A. MAGNUSON, District Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment. Plaintiff's Motion seeks a declaration that two sections of Minnesota's election law are unconstitutional under the recent Supreme Court decision regarding corporate expenditures in federal campaigns, *Citizens United v. Federal Election Commission*, —— U.S. ——, 130 S.Ct. 876, —— L.Ed.2d —— (2010). Plaintiff also seeks an injunction permanently enjoining Defendant and her successors from enforcing the allegedly unconstitutional statutes, and asks the Court to retain jurisdiction over the matter indefinitely to enforce that injunction.

## BACKGROUND

Plaintiff Minnesota Chamber of Commerce ("MCC") is a non-profit corporation organized, in part, to attempt to influence public policy on behalf of business interests in the state. It is headquartered in Ramsey County, Minnesota. Defendant Susan Gaertner is the Ramsey County Attorney. Gaertner is charged with the enforcement of state laws within Ramsey County.

Minnesota law prohibits a corporation from either directly or indirectly spending corporate funds "to promote or defeat the candidacy" of an individual for public office. Specifically, section 211B.15, subd 3, provides: "A corporation may not make an independent expenditure or offer or agree to make an independent expenditure to promote or defeat the candidacy of an individual for nomination, election, or appointment to a political office." Minn.Stat. § 211B.15, subd. 3. An "independent expenditure" is defined as "an expenditure that is not made with the authorization or expressed or implied consent of, or in cooperation or concert with, or at the re-

quest or suggestion of, a candidate or committee established to support or oppose a candidate." *Id.*

Subdivision 2 of the same statutory section applies to all corporate political contributions, whether made independently or with the authorization or consent of a particular candidate:

A corporation may not make a contribution or offer or agree to make a contribution, directly or indirectly, of any money, property, free service of its officers, employees, or members, or thing of monetary value to a major political party, organization, committee, or individual to promote or defeat the candidacy of an individual for nomination, election, or appointment to a political office. For the purpose of this subdivision, "contribution" includes an expenditure to promote or defeat the election or nomination of a candidate to a political office that is made with the authorization or expressed or implied consent of, or in cooperation or in concert with, or at the request or suggestion of, a candidate or committee established to support or oppose a candidate.

Minn.Stat. § 211B.15, subd. 2.

In *Citizens United,* the Supreme Court declared unconstitutional a portion of the Bipartisan Campaign Reform Act of 2002 that prohibited corporations from making independent expenditures for speech that expressly advocated the election or defeat of a particular candidate. 130 S.Ct. at 900. The section at issue made it a felony for a corporation (whether for-profit or not-for-profit) or a labor union to "make a contribution or expenditure in connection with" certain federal elections and related activities. 2 U.S.C. § 441b(a). The statute defined "contribution or expenditure" as, in relevant part, "any direct or indirect payment ... to any candidate, campaign committee, or political party or organization, in connection with any election [to certain federal offices] or for any applicable electioneering communication...." *Id.* § 441b(b)(2).

The language at issue in *Citizens United* was the statute's applicability to so-called "electioneering communications." An electioneering communication is essentially any type of broadcast communication, whether over cable, satellite, or the internet, that "refers to a clearly identified candidate for Federal office" and is made within 60 days of a general election or 30 days of a primary election. *Id.* § 434(f)(3). Thus, for example, the Act as applied to the non-profit corporation in *Citizens United* prohibited that corporation from using corporate funds, either directly or indirectly, towards a film advocating the defeat of a specific candidate, because that film was scheduled to air within 30 days of the primary election involving that candidate. The Supreme Court found that the Act's restrictions on independent corporate expenditures in federal elections impermissibly infringed on corporations' First Amendment rights and struck down that portion of the Act. 130 S.Ct. at 913.

The MCC contends that it wants to make independent indirect expenditures in upcoming state elections. It anticipates that these expenditures will include activities such as:

placing ads on television, radio and internet; endorsing candidates for public office; placing endorsements on websites; using blogs to post messages of support or endorsement; renting advertisement space on a billboard; sending letters to businesses informing them of endorsements; encouraging members or the public to support certain candidates for political office; coordinating rallies; and organizing and staffing phone banks.

(Pl.'s Supp. Mem. at 3–4.) Notably, the MCC does not take issue with the stat-

ute's prohibition on direct expenditures and professes no intent to attempt to contribute directly to any candidate's campaign fund or the like. Gaertner does not dispute that the MCC's planned activities are prohibited by the current version of Minnesota's campaign finance law. More importantly, she also does not dispute that, under *Citizens United,* Minnesota's prohibition on these sorts of corporate independent expenditures is unconstitutional.

The MCC seeks three forms of relief. The first is a declaration that Minn.Stat. § 211B.15, subd. 2, is unconstitutional to the extent that it prohibits MCC's planned independent indirect political expenditures. The second is a declaration that Minn.Stat. § 211B.15, subd. 3, is unconstitutional in its entirety. The final relief requested is a permanent injunction against Gaertner, her successors in Ramsey County, and all other county attorneys in Minnesota, from enforcing the provisions of section 211B.15, subd. 3, or from enforcing section 211B.15, subd. 2 against the types of corporate independent expenditures described above.

Gaertner agrees in principle with the MCC's first requested relief. She asks the Court not to grant a declaratory judgment, however, contending that because she agrees to the relief, the matter is moot. Gaertner also contends that section 211B.15, subd. 3 is not unconstitutional in its entirety. Finally, she opposes the entry of injunctive relief as unnecessary because she asserts that "Ramsey County has no intention of prosecuting the [MCC]" under either subdivision 2 or 3 of section 211B.15. (Def.'s Opp'n Mem. at 3.)

## DISCUSSION

There are no factual disputes that would preclude the entry of summary judgment in this matter. *See* Fed.R.Civ.P. 56(c) (providing that summary judgment is proper if there are no disputed issues of material fact). The only issues before the Court are questions of law, making summary judgment the appropriate vehicle for resolving this case. *See IDK, Inc. v. Clark County,* 836 F.2d 1185, 1189 (9th Cir.1988) ("Facial challenges to statutes on first amendment grounds, however, may involve questions on which summary judgment is often appropriate.").

## A. Minn.Stat. § 211B.15, subd. 2

■ There is no dispute that, as applied to the type of activities in which the MCC intends to participate, this section's prohibition on indirect corporate expenditures is unconstitutional. The only dispute is whether the MCC is entitled to a declaration to that effect.

■ Gaertner contends that the MCC's requested relief is moot because "there is no dispute between the parties that the activities sought to be engaged in by the [MCC] ... are all lawful expressions of speech under the First Amendment." (Def.'s Opp'n Mem. at 5.) The Declaratory Judgment Act permits declarations only in the case of "actual" controversies. 28 U.S.C. § 2201. However, Gaertner's disavowal of any intent to prosecute the MCC or like organizations for making indirect independent expenditures that otherwise violate the law does not render the MCC's request moot. Had Gaertner agreed that both subdivisions 2 and 3 of section 211B.15 are unconstitutional, then perhaps it could fairly be said that there is no actual controversy between the parties. Her insistence that subdivision 3 is not unconstitutional, however, shows that there is a live controversy.

■ "A case is not to be dismissed as moot if the defendant voluntarily ceases the allegedly improper behavior but is free to return to it at any time." Erwin Chemerinsky, Federal Jurisdiction § 2.5.4 (5th ed. 2007). Moreover, "a defendant claiming that its voluntary compliance

moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw,* 528 U.S. 167, 170, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Gaertner has not even attempted to shoulder that "formidable burden" here.

Because Gaertner or her successors could at any time decide to pursue the MCC or like organizations from activities that violate the letter of Minnesota law but that the Supreme Court has determined are constitutionally permissible, the case is not moot. The Court will enter the declaration the MCC seeks.

## B.  Minn.Stat. § 211B.15, subd. 3

■ The MCC asks for a declaration that subdivision 3 of section 211B.15 is unconstitutional in its entirety. Gaertner opposes this request, contending that this subdivision reaches conduct not at issue in the *Citizens United* decision. She does not, however, provide the Court with any examples of conduct that would fall within the prohibitions of subdivision 3 that is not also covered by the *Citizens United* decision. Instead, she relies on the only Minnesota state court case to have considered either of the subdivisions at issue here, *State v. Eibensteiner,* 690 N.W.2d 140 (Minn.Ct.App.2004). In that case, the Minnesota Court of Appeals found an individual liable under subdivision 2 for essentially laundering corporate money through a national political party's committee, in an attempt to help individual campaign funds evade their financial reporting requirements. *Id.* at 145–47. *Eibensteiner* did not examine the application of subdivision 3 to the challenged conduct, however. Thus, Gaertner's attempt to illustrate potential constitutional applications of subdivision 3 through the reasoning of *Eibensteiner* is not well taken.

■■ Gaertner is correct that federal courts should be loathe to declare state statutes facially unconstitutional. However, Gaertner has failed to point the Court to any specific non-expressive conduct that would come within subdivision 3's purview. The Supreme Court's decision in *Citizens United* is unequivocal: the government may not prohibit independent and indirect corporate expenditures on political speech. Subdivision 3 does just that. Thus, the MCC has established that subdivision 3 is unconstitutional on its face, and the Court will enter judgment to that effect.

## C.  Injunctive Relief

■ The MCC also requests broad injunctive relief. Although the Court is generally reluctant to enter injunctions ordering compliance with Court orders, in this instance there is the very real danger that an elected county attorney from outside Ramsey County might consider himself or herself not bound by the Court's decision. The chilling effect this possibility has on the MCC's exercise of its constitutional rights warrants the entry of a permanent injunction against the enforcement of the unconstitutional provisions at issue here.

## D.  Continuing Jurisdiction

■ The Court does not, however, agree to the MCC's request that the Court retain continuing jurisdiction over this matter. The issues are not so complicated as to require this Court's personal involvement, should further legal action become necessary. This portion of the Motion is denied.

## CONCLUSION

The MCC has established that Minn. Stat. § 211B.15, subd. 2 and 3, are uncon-

stitutional, and that permanent injunctive relief is appropriate.

Accordingly, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion for Summary Judgment (Docket No. 5) is **GRANTED;**

2. Minnesota Statutes section 211B.15, subd. 3 is unconstitutional in its entirety;

3. Minnesota Statutes section 211B.15, subd. 2 is unconstitutional insofar as it prohibits or otherwise purports to restrict or limit Plaintiff's acceptance of contributions for the purpose of making independent expenditures or otherwise making corporate independent expenditures from its general treasury funds on behalf of or in opposition to candidates for political office, including, but not limited to, taking out print, television, or internet advertisements; endorsing candidates; placing endorsements on websites; using blogs to post messages of support or endorsement; renting advertisement space on a billboard; sending letters to businesses informing them of endorsements and encouraging members or the public to support certain candidates for political office; coordinating rallies; and organizing and staffing phone banks;

4. Defendant and her successor County Attorneys are **PERMANENTLY ENJOINED** from enforcing Minnesota Statutes section 211B.15, subd. 3 in its entirety;

5. Defendant and her successor County Attorneys are **PERMANENTLY ENJOINED** from enforcing Minnesota Statutes section 211B.15, subd. 2 insofar as it prohibits or otherwise purports to restrict or limit Plaintiff's acceptance of contributions for the purpose of making independent expenditures or otherwise making corporate independent expenditures from its general treasury funds on behalf of or in opposition to candidates for political office, including, but not limited to, taking out print, television, or internet advertisements; endorsing candidates; placing endorsements on websites; using blogs to post messages of support or endorsement; renting advertisement space on a billboard; sending letters to businesses informing them of endorsements and encouraging members or the public to support certain candidates for political office; coordinating rallies; and organizing and staffing phone banks; and

6. The declaratory judgments and the permanent injunction entered herein shall be effective and binding on the parties hereto, their successors, and all other Minnesota County Attorneys within the District of Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**